IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATRINA MICHAELIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2302-KHV |
| DELUXE FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion To Remand (Doc. #6) filed August 18, 2006. The Court recently granted plaintiff leave to amend her complaint to seek damages in excess of $100,000. See Order (Doc. #12). Plaintiff argues that her motion to remand is therefore moot because diversity jurisdiction is now proper. 28 U.S.C. § 1332; Motion To Amend Complaint (Doc. #10) filed August 22, 2006.

A civil action is removable if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir.1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petro., Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

Plaintiff may not "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action," because the propriety of removal is judged on the complaint as it stands at the time of the removal. Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488-89 (10th Cir. 1991) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) (voluntary reduction of amount demanded cannot defeat jurisdiction once removal proceedings perfected)). The Court is not aware of any case which deals with the opposite situation: where after removal and a motion to remand, plaintiff increases the amount of damages and seeks to create federal court jurisdiction. The same rule, however, would seem to apply: the relevant time to judge the complaint is as it stands at the time of removal. Pfeiffer, 929 F.2d at 1488-89. As explained above, the Court must strictly construe the removal statute and resolve any doubts in favor of remand. Just as plaintiff may not force remand by amending the complaint to destroy federal jurisdiction, plaintiff may not strategically create jurisdiction by amending the complaint after removal.

Defendant's notice of removal claimed that removal was proper because the Court had diversity jurisdiction under 28 U.S.C. § 1332 or supplemental jurisdiction under 28 U.S.C. § 1367. As explained above, the Court lacks diversity jurisdiction because at the time of removal, plaintiff sought only $65,000

in damages.[1]  Furthermore, the Court cannot exercise supplemental jurisdiction over this matter because it does not have original jurisdiction of any claim in this case.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand (Doc. #6) filed August 18, 2006 be and hereby is **SUSTAINED**.  **This case is remanded to the District Court of Johnson County, Kansas.**

Dated this 28th day of September, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

---

[1] Defendant maintained that the Court should aggregate the amount sought in this action ($65,000) and the amount sought in a related case between the same parties (more than $75,000).  See Michaelis v. Deluxe Fin. Servs., Inc., No. 05-2351 (D. Kan.).  Defendant cited no authority for this proposition.  Moreover, defendant opposed consolidation of the two cases and the Court declined to consolidate them.  See Defendant's Memorandum In Opposition To Plaintiff's Motion To Consolidate (Doc. #44) filed August 23, 2006; Order (Doc. #49) filed August 30, 2006.  Absent consolidation, the Court cannot combine the relief sought in both actions to create diversity jurisdiction.

[2] The Court recognizes that it has jurisdiction in another case between the same parties, Michaelis v. Deluxe Fin. Servs., Inc., No. 05-2351 (D. Kan.), but that fact cannot support supplemental jurisdiction in this case.  As explained above, defendant opposed consolidation of the two cases and the Court declined to consolidate them.